# STANDING DECLARATION OF MARIN AUDUBON SOCIETY

I, Barbara Salzman, declare the following, pursuant to 28 U.S.C. 1746, based on my personal knowledge and to which I am competent to testify:

1. I reside in Larkspur, CA, and I am a member of the Marin Audubon Society and Co-Chair of its Conservation Committee.

2. Marin Audubon Society is a non-profit, tax-exempt corporation incorporated and headquartered in Mill Valley, California. Its purpose is to conserve and restore natural ecosystems in Marin County, focusing on birds, other wildlife, and their habitats, for the benefit of humanity and the Earth's biological diversity.

3. I began conservation work in 1974 with the Marin Audubon Society's Conservation Committee. For more than thirty years, Marin Audubon Society has been a sponsor of habitat restoration and habitat acquisition projects, and I have managed most of these projects. My projects have included acquiring approximately 1,000 acres of Bay Area properties, restoring more than 500 acres of Bay Area properties, and advocating for habitats.

4. I visit the Golden Gate National Recreation Area, Alcatraz Island, and Point Reyes National Seashore. While in these green spaces, I enjoy hiking and observing the natural systems and wildlife. I plan to continue visiting these areas.

5. Overflights threaten these national, iconic lands. From my own experience, I know that overflights cause loud noise and disturb the quiet. I come to these spaces for peace and quiet. I am personally harmed by overflights and cannot enjoy these areas like I used to.

6. Additionally, I have observed how overflights impact wildlife. I have seen birds getting flushed away by the noise of overflights. From my experience with local ecosystems, I believe overflights will also impact seabird nesting and marine mammals.

7. I commented the following, in sum and substance, into the docket on behalf of Marin Audubon: "The critical question is whether these heights are actually sufficient to protect the important wildlife of GGNRA, Pt. Reyes National Seashore," and "There needs to be more specific and organized data and analysis provided that shows that the sensitive resources are adequately protected by the flight height limits…". Our full comments were more extensive.

8. My opportunity to understand the environmental impacts and, therefore, to fully comment on the impacts of the proposal was harmed by the failure of NPS and FAA to circulate a draft Environmental Assessment (EA) or Environmental Impact Statement (EIS) for me to comment on. In other words, the agencies' reliance on a Categorical Exclusion under the National Environmental Policy Act (NEPA) harmed me by denying me a voice in a major regulatory change.

9. The final Air Tour Management Plan (ATMP) continues to harm me. The number of flights allowed combined with the failure to impose an adequate altitude requirement above which planes can fly disturbs the peace and quiet of these areas.

10. I plan to return to these sites, and I will suffer future harm unless the injuries I've experienced are corrected. Compelling the agencies to do full NEPA compliance will allow me and the Marin Audubon Society to comment on a future EA or EIS and will likely result in reduced environmental impacts, such as tighter restrictions on the plane

and helicopter flights after more careful analysis. Therefore, a ruling reversing the ATMP should result in fewer overflights, which will reduce the harm.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Larkspur, California, on April 10, 2023.

_____
Barbara Salzman

USCA Case #23-1067    Document #2027395    Filed: 11/16/2023    Page 3 of 3