ORAL ARGUMENT SCHEDULED FOR JANUARY 19, 2024

No. 23-1067

_____

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

MARIN AUDUBON SOCIETY, et al.,
*Petitioners,*

v.

U.S. DEPARTMENT OF TRANSPORTATION, et al.,
*Respondents.*

_____

**UNOPPOSED MOTION BY PETITIONERS FOR EXTENSION OF TIME TO FILE A CORRECTED FINAL REPLY BRIEF**

PETER T. JENKINS
PAULA DINERSTEIN
Public Employees for Environmental Responsibility
962 Wayne Ave., No. 610
Silver Spring, MD 20910
(202) 265-4189
pjenkins@peer.org
pdinerstein@peer.org

Attorneys for Petitioners

**November 20, 2023**

1

Petitioners herein seek leave for an extension of time to file a Corrected Final Reply Brief after the deadline for the parties to file their final briefs of November 13, 2023. See Clerk's Order of October 27 (document # 2024230). The Petitioners did file their Final Reply Brief on November 13 (document # 2026604). However, the Court Clerk then informed them on November 15 that their Reply did not include a Summary of Argument, as required under Circuit Rule 28(a)(6). That omission was inadvertent, and Petitioners seek leave to correct it per the instruction in the message from the Clerk.

Under Circuit Rule 28(e)(2), the Clerk may grant this unopposed late motion for an extension of time "for good cause shown," provided it does not affect the oral argument schedule. Circuit Rule 28(e)(3) provides that, as the moving party, Petitioners are required to seek the consent of the opposing party. Here Petitioners sought the position of Justin Heminger of the U.S. Department of Justice, who is the lead attorney for the Respondents. His response by email of November 17 was that the Respondents "will consent to a motion for leave to file the corrected reply brief if it complies with the standard word limit."

Thus, Petitioners seek leave to file a Corrected Reply Brief that will comply with the standard word limit. They will achieve that by deleting approximately 500 words from the text of the Corrected Reply and substituting in approximately that many words as the Summary of Argument. They will comply with the 6,500-word

limit. They will be prepared to do so within five business days after the Clerk approves this Motion.

In conclusion, the Clerk should grant this Motion because it is unopposed and granting an extension of five business days after the Clerk approves this Motion will not impact the oral argument schedule, which now is set for January 19, 2024. Good cause is further shown by the fact that Petitioners' omission was inadvertent and they will correct it by staying within the word limit for replies.

Respectfully submitted,

/s/ Peter T. Jenkins
Peter T. Jenkins
D.C. Bar No. 477229
Paula Dinerstein
D.C. Bar No. 333971
Public Employees for Environmental Responsibility
962 Wayne Ave., Suite 610
Silver Spring, MD 20910
202.265.4189
pjenkins@peer.org
pdinerstein@peer.org

Attorneys for Petitioners

## CERTIFICATE OF COMPLIANCE

1.   This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because this motion contains 342 words.

2.   This document complies with Federal Rule of Appellate Procedure 27(d)(1)(E) and the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Peter T. Jenkins*
Peter T. Jenkins

*Counsel for Petitioners*