**[DECIDED NOVEMBER 12, 2024]**

No. 23-1067

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

MARIN AUDUBON SOCIETY, et al.,
*Petitioners*,

v.

FEDERAL AVIATION ADMINISTRATION, et al.,
*Respondents*.

On Petition for Review of an Order by the
Federal Aviation Administration and National Park Service

**CORRECTED RESPONSE OF FEDERAL RESPONDENTS
TO PETITIONERS' PETITION FOR REHEARING**

TODD KIM
*Assistant Attorney General*

Of Counsel:

JUSTIN D. HEMINGER
PATRICIA DEEM                    JACOB D. ECKER
*Senior Attorney*               *Attorneys*
Office of the Chief Counsel      Environment and Natural Resources
Federal Aviation Administration  Division
                                 U.S. Department of Justice
SARA PORSIA                      Post Office Box 7415
*Attorney*                       Washington, D.C. 20044
Office of the Solicitor          (202) 514-5442
U.S. Department of the Interior  justin.heminger@usdoj.gov

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................i

INTRODUCTION .....................................................................1

DISCUSSION .........................................................................1

CONCLUSION .......................................................................3

CERTIFICATE OF COMPLIANCE.......................................5

## INTRODUCTION

Petitioners (Environmental Groups) and the government have now both filed petitions for rehearing en banc asking the Court to do the same thing: summarily withdraw Part II of the panel decision. And the Environmental Groups and the government also agree on the reason for doing so: As Chief Judge Srinivasan explained in his partial dissent (at 1-4), the panel violated the party-presentation principle. If the en banc Court does not take the straightforward path of withdrawing Part II, it should rehear the case en banc.

## DISCUSSION

The government agrees with Environmental Groups that this Court should grant rehearing en banc. And the government does not oppose Environmental Groups' request that the Court revise the panel decision to remand the air tour management plant without vacatur.

*First*, the government agrees with Environmental Groups that rehearing en banc is warranted to correct the panel's violation of the party-presentation principle. As Chief Judge Srinivasan observed (Diss. Op. 1-4), the panel departed from precedents of the Supreme Court and

this Court by failing to adhere to the party-presentation principle. Evt'l Groups Rehearing Pet. 8-14; *see also* Gov't Rehearing Pet. 8-15.

*Second*, the government also agrees with Environmental Groups on the best way to correct the panel's error: "[Part] II of the opinion can be excised." Evt'l Groups Rehearing Pet. 13; *see* Gov't Rehearing Pet. 14-15. If the Court adopts this straightforward solution, it need not address the panel's further error in finding the regulations of the Council on Environmental Quality (CEQ) *ultra vires.* But if the Court does not excise that portion of the opinion, it should reconsider the panel's unwarranted departure from the well-established understanding of all three Branches that CEQ has "authority to issue regulations interpreting" the National Environmental Policy Act. *Dep't of Transp. v. Pub. Citizen*, 541 U.S. 752, 757 (2004); *see* Gov't Rehearing Pet. 15-20.

*Third*, Environmental Groups also ask the en banc Court to revise Part IV of the panel decision "to provide the remedy that the parties agreed was appropriate and would not leave petitioners worse off"— that is, remand without vacatur. Evt'l Groups Rehearing Pet. 14. Though the government did not seek rehearing as to Part IV, the

government does not oppose Environmental Groups' request that the en banc Court revise the panel decision to remand the air tour management plan at issue in the case without vacatur. *See id*. As Chief Judge Srinivasan observed (Diss. Op. 4-7), Part IV of the panel decision vacated the air tour management plan even though no party asked for that remedy and "[t]hat remedy would leave [Environmental Groups] worse off than the status quo." *Id*. at 4-5. Indeed, as the government explained in its brief, any remand in this case should be without vacatur because (1) the agencies prepared a thorough environmental review, and (2) vacating the air tour management plan would impose harm on the "very places and people that the [p]lan protects." Brief for Federal Respondents 67-68.

## CONCLUSION

For the reasons explained in the rehearing petitions filed by both sides, this Court should grant rehearing en banc and excise Part II of the panel decision or else rehear the case en banc. The government also does not oppose Environmental Groups' request to revise Part IV of the panel decision to remand the air tour management plan without vacatur.

3

Respectfully submitted,

Of Counsel:

/s/ Justin D. Heminger
TODD KIM
*Assistant Attorney General*

PATRICIA DEEM
*Senior Attorney*
Office of the Chief Counsel
Federal Aviation Administration

JUSTIN D. HEMINGER
JACOB D. ECKER
*Attorneys*
Environment and Natural Resources
Division

SARA PORSIA
*Attorney*
Office of the Solicitor
U.S. Department of the Interior

U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044

December 20, 2024
DJ 90-13-1-17046

(202) 514-5442
justin.heminger@usdoj.gov

4

# CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Federal Rule of Appellate Procedure 35(b)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 551 words.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

/s/ *Justin D. Heminger*
JUSTIN D. HEMINGER

Counsel for Respondents