EARTHJUSTICE

January 23, 2025

Mark J. Langer
Clerk of the Court
United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

**Re:** Response to Rule 28(j) Letter in *Marin Audubon Society, et al. v. Federal Aviation Administration, et al.*, **No. 23-1067**

Dear Mr. Langer:

This Court need not "await the conclusion" of Federal Respondents' evaluation of the Executive Order referenced in their letter to resolve the pending rehearing petitions. Fed. Resps' Letter at 2.

That Order does not implicate the grounds on which both Petitioners and Federal Respondents sought rehearing: the panel's departure from the party presentation principle. Both petitions asked the full Court to affirm that principle and its application to the case as briefed and argued before the panel. Federal Respondents do not suggest that the Order speaks to the party presentation principle (It does not.). Federal Respondents' citation confirms the point. They note that they relied on a now-rescinded Executive Order when discussing the *merits* of the panel's discussion, but as their petition makes clear, there is no need for the full Court to address those merits to resolve the petition. *See* Fed. Resps' Petn. at 15 (explaining that the merits are relevant only "[i]f the en banc Court does not adopt the straightforward course of excising Part II of the opinion"). Nor do Federal Respondents explain why the Order might cause them to reconsider how the party presentation principle applies to the case as briefed and argued to the panel (No explanation comes to mind.). As Section 5(b) of the Order makes plain by directing the Council on Environmental Quality to "propose rescinding" its National Environmental Policy Act regulations, the regulations remain in place. The panel's departure from the party presentation principle to discuss their validity still warrants correction.

The Order also does not implicate the second ground on which Petitioners sought rehearing: the panel's chosen remedy of vacatur rather than remand without vacatur. The government "does not oppose" Petitioners' request, Fed. Resps' Response at 3, and the letter does not suggest otherwise.

As Petitioners have explained, there are strong reasons to grant rehearing, and the Court should do so.

WASHINGTON, DC OFFICE   1001 G ST NW SUITE 1000, WASHINGTON, DC 20001

DCOFFICE@EARTHJUSTICE.ORG   WWW.EARTHJUSTICE.ORG

|  | Respectfully submitted, |
|---|---|
| Paula N. Dinerstein<br>Peter T. Jenkins<br>PUBLIC EMPLOYEES FOR<br>ENVIRONMENTAL RESPONSIBILITY<br>962 Wayne Ave., Ste. 610<br>Silver Spring, MD 20910 | /s/ Kirti Datla<br>Kirti Datla<br>Tosh Sagar<br>EARTHJUSTICE<br>1001 G Street NW, Suite 1001<br>Washington, DC 20001<br>202.797.5241<br>kdatla@earthjustice.org<br><br>Linnet Davis-Stermitz<br>EARTHJUSTICE<br>810 Third Avenue, Suite 610<br>Seattle, WA 98104 |

*Counsel for Petitioners*

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because it contains 310 words.

/s/ Kirti Datla
Kirti Datla
EARTHJUSTICE
1001 G Street NW, Suite 1001
Washington, DC 20001
202.797.5241
kdatla@earthjustice.org

Counsel for Petitioners

---

## CERTIFICATE OF SERVICE

I certify that on January 23, 2025, I electronically filed this letter with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ Kirti Datla
Kirti Datla
EARTHJUSTICE
1001 G Street NW, Suite 1001
Washington, DC 20001
202.797.5241
kdatla@earthjustice.org

*Counsel for Petitioners*
