# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Filed January 31, 2025

No. 23-1067

MARIN AUDUBON SOCIETY, ET AL.,
PETITIONERS

v.

FEDERAL AVIATION ADMINISTRATION, U.S. DEPARTMENT OF
TRANSPORTATION AND NATIONAL PARK SERVICE, U.S.
DEPARTMENT OF THE INTERIOR,
RESPONDENTS

---

On Petition for Review of an Order
of the Federal Aviation Administration

---

On Petition for Rehearing En Banc

---

Before: SRINIVASAN*, *Chief Judge*; HENDERSON, MILLETT*, PILLARD*, WILKINS*, KATSAS, RAO, WALKER, CHILDS*, PAN*, and GARCIA*, *Circuit Judges*; and RANDOLPH, *Senior Circuit Judge*

2

**O R D E R**

Upon consideration of petitioners' and federal respondents' petitions for rehearing en banc, the responses thereto; respondents' 28(j) letter, and the response thereto; and the absence of a request by any member of the court for a vote, it is

**ORDERED** that the petitions be denied.

**Per Curiam**

|      | **FOR THE COURT:**<br>Clifton B. Cislak, Clerk |
|------|------------------------------------------------|
| BY:  | /s/                                            |
|      | Daniel J. Reidy<br>Deputy Clerk                |

\* A statement by Chief Judge Srinivasan, joined by Circuit Judges Millett, Pillard, Wilkins, Childs, Pan, and Garcia, concurring in the denial of rehearing en banc, is attached.

SRINIVASAN, *Chief Judge*, with whom Circuit Judges MILLETT, PILLARD, WILKINS, CHILDS, PAN, and GARCIA join, concurring in the denial of rehearing en banc:

All parties have sought en banc rehearing with respect to Part II of the panel opinion, in which the panel majority opined that the CEQ lacks authority to issue binding NEPA regulations. Because no party raised or briefed that issue, the panel majority's engagement with it, in my view, ran afoul of the principle of party presentation. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020); *Marin Audubon Soc'y v. FAA*, 121 F.4th 902, 920–22 (D.C. Cir. 2024) (Srinivasan, C.J., dissenting in part).

While all parties have agreed and urged the en banc court to grant review and excise that part of the panel's opinion, I concur in the denial of en banc rehearing. The panel unanimously ruled in favor of the challenge in this case on an entirely separate ground (one that the parties did raise and brief), *see id.* at 915–18, meaning that the panel majority's rejection of the CEQ's authority to issue binding NEPA regulations was unnecessary to the panel's disposition, *see id.* at 921 (Srinivasan, C.J., dissenting in part). That conclusion in fact could not independently support the panel's disposition to set aside the agencies' challenged action: because the relevant CEQ regulation does not require an agency to do anything but instead gives an agency the *option* to rely on a categorical NEPA exclusion, *see id.* at 922 (Srinivasan, C.J., dissenting in part); Gov't Pet. for Reh'g En Banc at 14, any conclusion that the CEQ lacks authority to issue binding regulations would leave unaffected the agencies' challenged *choice* here to make use of a categorical exclusion. In these circumstances, there is no cause to grant en banc rehearing. *See Al-Bihani v. Obama*, 619 F.3d 1, 1 (D.C. Cir. 2010) (Sentelle, C.J., and Ginsburg, Henderson, Rogers, Tatel, Garland, & Griffith, JJ., concurring in the denial of rehearing en banc) ("declin[ing] to en banc this

2

case" because "the panel's discussion of [the relevant] question is not necessary to the disposition of the merits").